■ JOSEPH G. OPPENHEIM, JR., et al., Respondents, v. KINGSVIEW HOMES, INC., Appellant.— In an action by several stockholder-lessees of a co-operative housing corporation, to declare the rights of the parties with respect to certain proposed renewal leases, said corporation appeals from a judgment of the Supreme Court, Kings County, entered April 24, 1962 upon the opinion and decision of the court, after a nonjury trial before a Special Referee, which decreed: (1) that Article First in each of such proposed leases was invalid; (2) that, by the elimination of said article each such proposed lease would be valid; (3) that the plaintiffs are entitled to renewal leases with said article eliminated; and (4) that the defendant corporation may not compel the plaintiffs, as a condition to renewal of their respective leases, to purchase additional shares of its stock. Judgment affirmed, with costs. Upon the completion of the construction of the multiple dwelling houses operated by the defendant corporation, occupancy of the apartments was given to its stockholders. Such occupancy was given under leases which were identical except for the designation in each of a specific building, a specific apartment, and the amount of rental. The leases by their terms were to expire on December 31, 1961. *Inter alia*, each such lease provided: (a) that, upon the expiration of its term, defendant's board of directors was to effectuate an extension or renewal of the lease " at the option of the Lessee but upon such terms and conditions as the Board of Directors may determine "; and (b) that " the terms and conditions or rules and regulations relating to extension or renewal of leases shall be general in nature equally applicable to all residential leases " of the development. The total cost of the construction exceeded by about $110,000 the amount that had been originally estimated. By reason thereof, the defendant in 1957 requested the stockholder-lessees to pay, according to a certain schedule, additional amounts as an " assessment ", for which additional shares in the corporation would be allocated to them. Plaintiffs, the respective lessees or occupants of five of the apartments, were the only stockholders who refused to comply with the request. The other stockholders, who occupy the remaining 285 apartments, complied; they bought the additional shares of stock thus allocated to them. Some months before the original leases were to expire, defendant offered to all the stockholder-lessees renewal leases which contained a provision to the effect that each lessee who had not bought the additional shares " hereby subscribes " to. the additional shares allocated to him, as set forth in the renewal leases. The issue thus presented is whether defendant had the right to include such a provision in the renewal leases. The certificates of stock which had been issued to the stockholder-lessees prior to this " assessment ", including the plaintiffs' certificates, state that the shares represented by such certificates are " non-assessable ". The agreement between defendant and the City of New York, which was made in connection with the development of the houses as a " redevelopment project," expressly recognized the possibility that the funds available to defendant might not be sufficient to cover the costs of the construction and that defendant " intends to sell additional capital stock * * * to tenant co-operators from time to time as may be necessary to meet actual construction costs " (pars. 405, 406). The original leases also referred to the subject of the sale of additional shares to its stockholder-lessees. Paragraph Second thereof provides that, should defendant's board of directors determine to make rent rebates to the lessees, and

should defendant then "in its sole discretion so determine, the Lessee hereby agrees that he will purchase additional stock * * * to be paid for out of such rebates." In our opinion, the disputed provision in the proffered renewal leases was not within the pale of the provision in the original leases which empowered the defendant's board of directors to prescribe "the terms and conditions or rules and regulations" to be included in such renewal leases. In none of the documents which contain expressions on the subject of the sale of additional shares is anything stated to the effect that any of the stockholder-lessees could be required to purchase additional shares as a condition of the exercise by him of his right to obtain a renewal of his lease. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.